UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REV. DR. RAYMOND D. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-CV-80 SNLJ |
| ) | |
| STE. GENEVIEVE COUNTY JAIL and ) | |
| US MARSHALS SERVICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Rev. Dr. Raymond D. Cooper, a pretrial detainee at Ste. Genevieve Detention Center, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon multiple motions filed by Plaintiff: (1) a motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs (ECF No. 2); (2) a motion for temporary injunction (ECF No. 3); (3) a motion for writ of mandamus (ECF No. 4); and (4) motion for default judgment (ECF No. 9). Having reviewed the motion to proceed *in forma pauperis* and the financial information submitted in support, the Court will grant the motion and waive the initial partial filing fee in this matter. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the complaint, the Court finds that Plaintiff's allegations fail to state a valid claim upon which relief may be granted. As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2) and the pending motions for injunctive relief, writ of mandamus, and default judgment will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a handwritten motion to proceed without prepaying fees or costs (ECF No. 2) and a letter explaining that he has requested a certified inmate account statement from his location of confinement, but he has not been provided one (ECF No. 5). However, Plaintiff states in his sworn affidavit that he owns no property, has no savings, and currently has a negative balance in his prison account. ECF No. 2 at 1. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**The Complaint**

Self-represented Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights against two defendants: Ste. Genevieve County Jail (otherwise known as the Detention Center where he is detained) and the United States Marshals Service. ECF No. 1 at 1-2. Plaintiff seeks to "enforce the law enacted under Congress on March 2nd 2021" – the "H.R.-5 'Equality Act.'" *Id.* at 2, 4. According to Plaintiff, the Equality Act "prohibits any private or government entity from discriminating against any protected class." *Id.* at 3. Plaintiff argues that the Equality Act "modifies the existing Civil Rights Act of 1964" in that the Civil Rights Act's

prohibition on segregation based on race and nationality is now extended by the Equality Act to prohibit segregation based on "sex, sexual orientation, gender, and gender identity" as well. *Id.* Plaintiff states that the result is a prohibition against men and women being segregated, including segregation during detention and incarceration.

Plaintiff describes the Ste. Genevieve County Jail as a facility receiving federal funding and therefore, "under the authority of the 'Equality Act.'" *Id.* According to Plaintiff, the Act requires the desegregation of public facilities (like the Jail) because the Act makes it "unlawful," "unconstitutional," and "illegal" to segregate detainees by sex and sexual orientation – including segregating male and female inmates. *Id.* at 4, 7 (citing to "H.R.-5 Equality Act Section 1106 Rules of Construction #2(b)"). Plaintiff recognizes that such desegregation will not be easy but he asserts that it is mandatory under the law. *Id.* at 6-7.

According to Plaintiff, the current Jail policy is to not segregate homosexual inmates unless they request protective custody. Plaintiff asserts that a similar policy should apply for inmates of different sexes – they should be housed together unless protective custody is requested. Plaintiff argues that the Prison Rape Elimination Act, which forbids the commission of sexual acts in prison, will protect inmates from unwanted sexual advances in an unsegregated facility. *Id.* at 6. To the extent that an inmate still does not feel safe, protective custody is available. *Id.* at 7.

Plaintiff argues that this desegregation is not up for debate, as it is rooted in facts and law, and Plaintiff is simply asking the Court to order the law enforced. *Id.* at 4, 7. Plaintiff alleges that allowing segregation on the basis of sex "only adds to the falsehood of white privilege or reverse racism." *Id.* at 5. Furthermore, Plaintiff asserts that "[a]ll protected classes must be equally desegregated or no class be equally segregated" because "[n]o class of persons is more protected than others." *Id.* at 7.

Plaintiff asserts that injuries are "shown by the segregation of people which violates the Equality Act." *Id.* at 8. But Plaintiff also alleges that his own constitutional right to equal protection has been injured. For relief, Plaintiff seeks the desegregation of all institutions that accept federal funding – including the desegregation of men and women in these facilities such that they are "equally housed and integrated in the same housing quarters." *Id.* at 9.

### Motion for Temporary Injunction (ECF No. 3)

At the time of complaint filing, Plaintiff also filed a motion for a temporary injunction in this matter. ECF No. 3. In the motion, Plaintiff seeks an order to "protect the rights of the persons affected under the denial of the Jails staff to follow the ... 'Equality Act.'" *Id.* at 1. Plaintiff asks the Court to instruct the Ste. Genevieve County Jail and the United States Marshals Service to begin desegregating the Jail based on "sexual identity, sexual orientation, gender, sex, race, [and] national origins." *Id.* Plaintiff also wants the Jail to discontinue the use of "non-nuteral terminology" and he wants gender stereotypes to be prohibited. *Id.* at 2. Finally, Plaintiff discusses some history of the Equality Act, describing it as having been enacted by the 117th Congress on March 1, 2021, and "enacted into law" by President Joe Biden. *Id.* at 2.

### Motion for Writ of Mandamus (ECF No. 4)

On June 4, 2021, the Court received a "Writ of Mandamus Under the All Writs Act 28 U.S.C. § 1651(a)" from Plaintiff for filing in this matter. ECF No. 4. Plaintiff makes the same arguments in this Writ as he made in his complaint and motion for temporary injunction. *Id.* at 1-4. He again asks the Court to enforce the Equality Act and order the Ste. Genevieve County Jail to "desegregate and allow men and women to integrate living areas without restrictions." *Id.* at 1, 6. Plaintiff argues that a Writ of Mandamus is appropriate here because "active good law ... is not being upheld by this Jail." *Id.* at 5. Plaintiff quotes the language of multiple statutes including the Equality Act's Congressional findings and stated purpose. He describes himself as a "detained

person ... not convicted of any crime" who "has been held in overcrowded conditions and has been subjected to sex discrimination and sex stereo-types while in Saint Genevieve County Jail." *Id.* at 9. Plaintiff argues that to "grant one class of persons (race and color) protections (free from race segregation) and not extend these protections to other protected class 'equally' (men and women) it's a clear violation of the Equal Protection Clause." *Id.* at 10.

## Motion for Default Judgment (ECF No. 9)

In this motion, Plaintiff asserts that although he has no duty to serve government defendants, he provided Ste. Genevieve County Jail "a copy of the complaint and thus served the US Marshals Service by association." ECF No. 9 at 1-2. Since providing this copy to defendants, Plaintiff alleges that they have had "ample time" to respond, but they have failed "to plead or defend." *Id.* at 2. Therefore, Plaintiff argues that he is entitled to default judgment under Federal Rule of Civil Procedure 55(a).[1] For relief, Plaintiff seeks default judgment in this matter and an Order from the Court directing the Jail to desegregate the jail by gender. *Id.* at 3.

## Discussion

### I. Legal Standard on Initial Review for Cases Filed *In Forma Pauperis*

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

---

[1] Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II.  Dismissal for Failure to State a Claim

Liberally construing the allegations of self-represented Plaintiff's complaint, the Court finds that the complaint fails to state a claim on which relief may be granted and therefore, is subject to dismissal under 28 U.S.C. § 1915(e)(2). The Equality Act is not enacted law and Plaintiff fails to state a claim based on equal protection. Even if Plaintiff adequately alleged a constitutional claim, Plaintiff provides no persuasive reason as to why the Court should not afford Jail officials appropriate deference in their decision to house inmates by sex. In addition, Ste. Genevieve County Jail is not a suable defendant under 42 U.S.C. § 1983 and the United States Marshals Service is protected by sovereign immunity. Plaintiff is not entitled to default judgment here, as summons have not been issued and defendants have not been served. Finally, because

Plaintiff's complaint will be dismissed for failure to state a claim, the pending motions for injunctive relief, writ of mandamus, and default judgment will all be denied as moot.

Plaintiff states that the Equality Act is "not a suggestion" but "the law" and therefore, "must not be enforced selectively." ECF No. 4 at 10. According to Plaintiff, the Equality Act was enacted by the 117th Congress in March 2021 and signed into law by President Biden. ECF No. 3 at 2. This is simply not true. According to the legislative history of HR5, it was introduced in the House of Representatives on February 18, 2021; it was passed by the House on February 25, 2021; it was received in the Senate on March 1, 2021; it was read and placed on the Senate legislative calendar on March 2, 2021; the Judiciary Committee held hearings regarding it on March 17, 2021; and finally, on April 28, 2021, the Judiciary Committee referred it to the Subcommittee on the Constitution, Civil Rights, and Civil Liberties. Equality Act, H.R. 5, 117th Cong. (1st Sess. 2021). As of the date of this Order, HR5 has not been passed by the Senate, has not been signed by President Biden, and is not enacted law. It still sits on the Senate calendar.

Plaintiff's argument that the Court should order Defendants to comply with the Equality Act – proposed but not enacted legislation – based on the assertion that facilities receiving federal funding must comply with federal laws, fails. The Equality Act is not enacted law. Plaintiff cannot seek to enforce rights under unenacted legislation. Plaintiff cannot assert the Equality Act as legal authority for arguing that he has a right to be housed in a county jail or detention center with detainees of the opposite sex.

Plaintiff also alleges that the segregation of the Jail by sex violates the Equal Protection clause. The Equal Protection Clause provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The purpose of the equal protection clause . . . is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its

improper execution through duly constituted agents." *Sunday Lake Iron Co. v. Wakefield Tp.*, 247 U.S. 350, 352 (1918). Here, Plaintiff does not allege or provide any factual allegations in support of the assertion that he is suffering from intentional and arbitrary discrimination due to the fact that he is housed separately from people of the opposite sex. Plaintiff does not allege that the housing conditions for men and women are unequal. There is no basis from which the Court can infer a valid Equal Protection claim from the allegations of Plaintiff's complaint.

Furthermore, although prisoners retain their constitutional rights, there are limitations on those rights "in light of the needs of the penal system." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004). Even if Plaintiff here had alleged a valid constitutional claim, a prison regulation infringing on an inmate's constitutional rights is valid so long as it is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. *Id.*; *see also Sandin v. Connor*, 515 U.S. 472, 482 (1995) (stating that "federal courts ought to afford appropriate deference and flexibility to state [prison] officials trying to manage a volatile environment."); *Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir. 1986) (stating that "prison administrators are accorded 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979))). Housing inmates separately based on their sex serves a clear purpose in terms of prison safety and security. Plaintiff provides no persuasive argument as to why this Court should not afford appropriate deference to Ste. Genevieve County Jail administrators' decision to house inmates by sex. For all of these reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted and therefore must be dismissed. 28 U.S.C. § 1915(e)(2).

Additionally, even if Plaintiff's complaint did state a cognizable legal claim, the complaint would also be subject to dismissal as to defendant Ste. Genevieve County Jail, because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F.App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). According to the Eighth Circuit, "pro se status does not excuse [plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009). Therefore, for this reason as well, Plaintiff's complaint fails to state a valid § 1983 claim as to defendant Ste. Genevieve County Jail.

As to the U.S. Marshals Service, Plaintiff has not set forth any facts indicating that this defendant was directly involved in or personally responsible for any alleged violation of Plaintiff's constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff merely lists the U.S. Marshals Service as a defendant in the caption and Defendants section of his complaint, without alleging, with any specificity, that it did anything to violate his rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to defendant U.S. Marshals Service. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in

the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Finally, even if Plaintiff's complaint stated a cognizable claim against defendant U.S. Marshals Service, the federal government's sovereign immunity prohibits suits against the United States, its agencies, and federal officers sued in their official capacities. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."); *Phelps v. U.S. Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994). As such, defendant United States Marshals Service is protected by sovereign immunity from this suit.

For all of the reasons discussed above, Plaintiff's complaint fails to state a claim for relief under 28 U.S.C. § 1915(e)(2) and therefore, must be dismissed. As such, Plaintiff's motions for a temporary injunction, writ of mandamus, and default judgment will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the initial filing fee is waived. *See* 28 U.S.C. § 1915(b)(4).

**IT IS FURTHER ORDERED** that the institution having custody of Plaintiff shall, whenever the amount in Plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be

granted. Plaintiff's claims against defendants Ste. Genevieve County Jail and the United States Marshals Service are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary injunction [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for writ of mandamus [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment [ECF No. 9] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of August, 2021.

                                                _____
                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE